IN THE CIRCUIT COURT OF PRAIRIE COUNTY, ARKANSAS

3:50 ___ FILED P.M. O'CLOCK

SEP 1 8 2017

GAYLON HALE
CIRCUIT/COUNTY CLERK
PRAIRIE CO., SO. DISTRICT
_Mary Hopson_ RC

PAUL BETZNER AND RHONDA BETZNER,
HUSBAND AND WIFE, JAMES ALBERSON AND
TIFFANI ALBERSON, HUSBAND AND WIFE, AND
KELLEY KELLY, AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED

**PLAINTIFFS**

**vs.**          Case No. 59SCV-17-38

C. J. MAHAN CONSTRUCTION COMPANY, LLC,
API EQUIPMENT, LLC AND JOHN DOES 1 – 20          **DEFENDANTS**

## CLASS ACTION COMPLAINT
### (JURY TRIAL DEMANDED)

Come Plaintiffs, Paul Betzner and Rhonda Betzner, Husband and Wife, James Alberson and Tiffani Alberson, Husband and Wife, and Kelley Kelley, Individually and on Behalf of All Others Similarly Situated, being a class of persons defined as all persons whose water was supplied by East Prairie County Water Association (hereafter "EPC") or Biscoe Water Association (hereafter "BWA"), on or after January 1, 2016, and who have suffered direct or consequential damages as a result of sewer contamination of their water supply, which occurred due to the acts and omissions of Defendants (hereafter collectively "Plaintiffs"), by their Attorneys, Hall & Taylor Law Partners and Lovell & Nalley, and for their Class Action Complaint against Defendants, C. J. Mahan Construction Company, LLC (hereafter "C. J. Mahan"), API Equipment, LLC (hereafter "API"), and John Does 1 – 20, state:

### NATURE OF THE ACTION

1. This is a class action on behalf of a class of persons who have suffered damages as a result of sewage contaminations of their water supply which occurred as the result of the acts and omissions of Defendants. The majority of the class are residents of Prairie County, Arkansas, but includes all such persons similarly situated, for actual, compensatory, statutory and punitive damages in accordance with Rule 23 of the Arkansas Rules of Civil Procedure.



EXHIBIT

1

2.   As more fully set forth below, Plaintiffs' claims arise in connection with the sewage contamination of the EPC and BWA water systems, which serve portions of Prairie County, Arkansas.

## JURISDICTION & VENUE

3.   Jurisdiction and venue are proper in this Court, pursuant to Arkansas law.  Defendants are individuals and corporations subject to personal jurisdiction in this State as they are actively doing business in this State, and all of the acts and omissions of Defendants which give rise to this claim occurred in Prairie County, Arkansas.  Further, the overwhelming majority of the proposed class are residents of Prairie County, Arkansas.

## PARTIES

4.   Plaintiffs, Paul Betzner and Rhonda Betzner, Husband and Wife, were at all times mentioned herein residents of Biscoe, Prairie County, Arkansas, were customers of and were provided water by EPC and/or BWA.

5.   Plaintiffs, James Alberson and Tiffani Alberson, Husband and Wife, were at all time mentioned herein residents of Biscoe, Prairie County, Arkansas, and were customers of and provided water by EPC and/or BWA.

6.   Plaintiff, Kelley Kelley was at all times mentioned herein a resident Biscoe, Prairie County, Arkansas, and was a customer of and provided water by EPC and/or BWA.

7.   That, upon information and belief, Separate Defendant, C. J. Mahan, is a foreign limited liability company based in Ohio, and whose registered agent for service is C. Jeffrey Mahan, 250 N. Hartford Avenue, Columbus, Ohio, 43222.  Upon information and belief, C. J. Mahan is a general contractor who was engaged in working on the White River Bridge Expansion Project in Prairie County, Arkansas, when this incident occurred, hereinafter referred to as "the project".

8.   That, upon information and belief, Separate Defendant API, is an Arkansas LLC based in Jonesboro, Arkansas, and whose registered agent for service is John Broadway, 1721 Dan Avenue, Jonesboro, Arkansas 72401.  Upon information and belief, API is a contractor who was engaged in working on the project, when this incident occurred.

9.   That John Does 1 – 20 are individuals, partnerships, and/or corporations or other

entities, the identities of which are unknown to Plaintiffs at this time, who are responsible for the sewage contamination of the EPC and BWA water systems which give rise to this Complaint and are subject to the jurisdiction of this Court. The affidavit of Randy Hall regarding the John Doe Defendants is attached hereto as Exhibit "1".

## STATEMENT OF FACTS

10.    That, upon information and belief, CJ Mahan was, at all times mentioned herein, the general contractor for the project, securing the bid from the Arkansas Highway and Transportation Department.

11.    That, upon information and belief, API did, at all times mentioned, herein perform dirt work and other services in connection with the project.

12.    That while working on the project during the class period, Defendants, their employees, agents, servants and/or assigns cut water and sewer lines which were adjacent to each other near the banks of the White River.

13.    That the water lines of EPC and BWA join at various junctions of service.

14.    That the affected water and sewer lines served, at least in part, nearby rest areas located on Interstate 40 near the White River bridge.

15.    That after cutting the lines, Defendants attempted to repair the water and sewer lines.

16.    That during the repairs, Defendants joined the water and sewer lines together, thereby injecting sewage into the water systems utilized by Plaintiffs.

17.    That when the rest areas were re-opened to the public on approximately September 1, 2017, the sewage that had been collecting in the lines for some period of time was injected into the water systems of EPC and/or BWA.

18.    That attached hereto as Exhibit "2" is a photograph of a water hydrant belonging to EPC and/or BWA spewing some of the sewage which had been injected into the water system.

19.    That Defendants were negligent in the manner in which they performed both the cutting of the lines and the subsequent repairs, as follows:

   a.    Defendants failed to properly and timely locate the affected water and sewer lines prior to digging so that the lines would be avoided as required by law;

  b.      Defendants failed, after cutting the lines, to provide any notice to Plaintiffs, that the lines had been cut and their water was potentially contaminated by sewage;

  c.      Defendants failed to properly repair the lines, instead joining the water and sewer lines together. ADH confirmed that they had been to the site to assist the utilities.

20.    That as the result of the negligence of Defendants C.J. Mahan, API and John Doe Defendants 1-20, Plaintiffs have suffered damages as set forth herein.

21.    That due to the lack of notice that the lines had been cut and repaired, Plaintiffs continued to use the water from at least September 1, 2017, until a mandatory boil order was issued by the Arkansas Department of Health ("ADH") on September 7, 2017.

22.    The ADH boil order was issued for the Prairie County Community of Biscoe, also known as Fredonia, and for customers located south of Interstate 40 in the vicinity of Biscoe and Fredonia, and whose water was supplied by EPC.

23.    The ADH's press release noted that the boil order was issued due to a cross connection between the water and sewer lines. A copy of the ADH press release is attached hereto as Exhibit "3".

24.    ADH directed EPC and/or BWA to disconnect the affected pipes.

25.    ADH also advised all affected customers that the water was unsafe for human consumption.

## FACTS COMMON TO THE CLASS

26.    That Plaintiffs had their water system contaminated with sewage due to the acts and omissions of Defendants, as set forth herein.

27.    That, due to the fact no notice was given by Defendants of the breach and faulty repair of the lines, Plaintiffs continued to drink, cook, bathe and perform all other daily activities using the water contaminated by sewage, and have suffered damage.

28.    That Plaintiffs have suffered common damage as follows:

  a.      Certain Plaintiffs have become physically ill due the ingestion or contact with the contaminated water and have suffered pain, suffering and mental anguish, as well

as incurring past and future medical expenses, suffering lost income, and have permanent injury;

b.   Past and future expenses incurred to replace plumbing; especially affected are homes with galvanized plumbing which cannot be cleaned of the sewage water;

c.   Diminished value of real property due to the sewage water contamination;

d.   Loss of personal property, including clothing, appliances and other household items destroyed by use of the contaminated water;

e.   Incurred expense for increased water bills and the out-of-pocket costs to perform all household functions using bottled or transported water;

f.   Suffered fear, anxiety and mental anguish regarding potential future illness from ingestion of or contact with the sewage water which may cause illnesses ranging from Hepatitis A to E-coli.

## FACTS REGARDING PLAINTIFFS

**I.  Paul Betzner and Rhonda Betzner, Husband and Wife**

29.   Paul Betzner and Rhonda Betzner, Husband and Wife, have on resided on Betzner Road in Biscoe, Arkansas, for several years, and were at all times mentioned herein were customers of and provided water by EPC and/or BWA.

30.   That the Betzners home is plumbed with galvanized piping.

31.   Due to the nature of galvanized pipe, the contaminated sewage water cannot be properly and completely eliminated from their home, and their home will require new plumbing.

32.   Prior to being notified of the sewage contamination, the Betzners routinely drank, cooked, bathed and performed all other daily activities using the contaminated water.

33.   Although the Betzners have not been required to seek medical attention to date as

a result of their ingestion or contact with the contaminated water, future medical monitoring services should be provided to them due to the potential serious medical issues in the future.

34.    That due to the acts and omissions of Defendants, the Betzners have been required to boil their water, use bottled water and other water sources, and have suffered an increase in their water bills because they must continually flush out the contaminated water, and have suffered other consequential damages.

## II.    James Alberson and Tiffani Alberson, Husband and Wife

35.    James Alberson and Tiffani Alberson, Husband and Wife, have resided in Biscoe, Arkansas, for many years, with their three (3) minor children and were at all times mentioned herein provided water as customers of EPC and/or BWA.

36.    That the Alberson's home is plumbed with plastic piping that must be continually flushed to eliminate the sewage water.

37.    That the water in the Alberson's home must be tested in the future on a regular and repeated basis for the safety of themselves and their minor children.

38.    In the event future testing shows that the sewage water cannot be completely eliminated, the Alberson's home will also have to be replumbed.

39.    Prior to being notified of the sewage contamination, the Alberson's drank, cooked, bathed and performed all other daily activities using the contaminated water.

40.    That though the Albertsons and their three (3) minor children have not been required to seek medical attention, to date, as a result of the ingestion or contact with the contaminated water, medical monitoring services should be provided to them and their minor children due to the potential serious medical issues in the future.

41.    That due to the acts and omissions of Defendants, the Albertsons have been required to boil their water, use bottled water and other water sources, have suffered  an increase

in their water bills because they must continually flush out the contaminated water, and have suffered other consequential damages.

### III.    Kelley Kelly

42.    Kelley Kelley has resided in Biscoe, Arkansas, for a number of years, and was at all times mentioned herein provided water as a customer of EPC and/or BWA.

43.    That Kelley Kelly's home is plumbed with galvanized piping and the plumbing Must be replaced as set forth above.

44.    That Kelley Kelly has become ill as the result of her ingestion or contact with the sewage water.

45.    She has suffered pain, suffering and mental anguish, as well as incurring past and future medical expenses, suffering lost income, and has permanent injury.

46.    Prior to being notified of the sewage contamination, Kelly Kelley routinely drank, cooked, bathed and performed all other daily activities using the contaminated water.

47.    That due to the acts and omissions of Defendants, Kelly Kelley has been required to boil her water, use bottled water and other water sources, has suffered  an  increase in her water bills, due to having to continually flush out the contaminated water and has suffered other consequential damages.

### CLASS  ACTION ALLEGATIONS

48.    Pursuant to Rule of Civil Procedure 23, the Named Plaintiffs bring this action on behalf of themselves and as representatives of the following proposed class:

"All persons whose water supply was contaminated with sewer due to the acts and omissions of Defendants."

49.    Excluded from the Class are: present or former officers, directors, employees

or producers of Defendants.

50.    This action meets the requirements of Rule of Civil Procedure 23 because:

a.    Although plaintiffs do not know the exact size of the Class, Plaintiffs believe that the members of the Class number at least several hundred and are so numerous that joinder of all members is impracticable;

b.    Plaintiffs can and will fairly and adequately represent and protect the interests of the Class and have no interests which conflict with, or are antagonistic to, the interests of other Class members;

c.    Plaintiffs are represented by counsel experienced in class actions and complex civil litigation so as to ensure the adequate representation of absent Class members;

d.    Plaintiffs' claims are typical of those of all members of the Class in that, among other things, Plaintiffs and all members of the class were similarly harmed by the defendants' misconduct;

e.    Questions of law and fact arising out of defendants' conduct are common to all members of the Class, and such common issues of law and fact predominate over any questions affecting only individual members of the Class;

f.    A class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein; and

g.    This class action is maintainable under Rule of Civil Procedure 23(b) because the prerequisites of subdivision (a) are satisfied and, although only one of the following need apply in order for a class action to be maintainable, all of the following apply in this case:

i.    The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for defendants;

ii.    The prosecution of separate actions by or against individual members of the Class would create a risk of adjudications with respect to individual members of the Class, which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests;

     iii. The defendants have acted or failed to act on grounds generally applicable to the Class, thereby making appropriate final relief with respect to the Class as a whole; and

     iv. Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, making a class action superior to other available methods for the fair and efficient adjudication of the controversy.

51.     The predominance requirement is satisfied for all causes of action because the issues in common to the members of the proposed Class are not overshadowed by individualized issues.

## FIRST CAUSE OF ACTION
### (Medical Monitoring)

52.     Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully set forth herein.

53.     Defendants' negligent repair of the water and sewer lines caused raw sewage to be introduced into the water supply of Plaintiffs and the Class.

54.     Defendants' negligence in this regard has exposed Plaintiffs and the Class to substantial harm that could negatively affect their health for many years to come.

55.     Plaintiffs, being at increased risk, require blood tests and other medical procedures to detect the presence of disease as a result of the ingestion of raw sewage.

56.     Blood testing and other medical procedures to monitor Plaintiffs' health make such a program reasonably necessary here, where Plaintiffs have been continuously exposed to contaminated drinking water.

57.     Plaintiffs and Class members are thus entitled to the establishment of a medical monitoring program that includes, among other things:

     a.     Establishing a trust fund, in an amount to be determined, to pay for the medical monitoring of Plaintiffs and all Class members; and

     b.     Notifying all Class members in writing that they may require frequent medical monitoring necessary to diagnose health problems as a result of the contaminated water.

## SECOND CAUSE OF ACTION
### (Negligence)

58.     Plaintiffs incorporate by reference all other paragraphs of this Complaint as if set forth fully herein.

59.     Defendants owed Plaintiffs a duty to exercise reasonable care in the handling of the water lines which provided water for the customers of EPS and/or BWA.

60.     Defendants failed to exercise reasonable care when, after cutting the water and sewer lines, they negligently made repairs causing a contamination of Plaintiffs water supply with sewage.

61.     Defendants knew, or should have known, that Plaintiffs and the class members would foreseeably suffer injury from ingestion or contact with sewage water that resulted from the Defendants' acts and omissions.

62.     Defendants negligence proximately caused Plaintiffs' injuries and damages as set forth herein.

## THIRD CAUSE OF ACTION
### (STRICT LIABILITY)

63.     Plaintiffs incorporate by reference all other paragraphs of this Complaint as set Forth fully herein.

64.     Pursuant to Arkansas law, the Defendants' failure to obtain the location of the water and sewer lines prior to digging makes them strictly liable for Plaintiffs damages.

## JURY DEMAND

65.     Plaintiffs demand trial by jury on all issues in this Complaint.

**WHEREFORE**, Named Plaintiffs, on behalf of themselves and other similarly situated individuals, respectfully demand that this Court enter an order determining that this action should be maintained as a class action pursuant to Rule 23 of the Arkansas Rules of Civil Procedure and certifying Paul Betzner, Rhonda Betzner, James Alberson, Tiffani Alberson and Kelly Kelley as proper representatives of the class; that Hall and Taylor Law Partners and Lovell & Nalley be appointed class counsel; enter Judgment against Defendants, jointly and severally, in favor of the Named Plaintiffs and members of the class as to the Causes of Action set forth above of this

Complaint for actual, compensatory, statutory and punitive damages, for attorney's fees, costs and all other relief to which they are entitled.

Respectfully submitted,

Randy Hall, #89083
Mattie A Taylor #2009079
Hall & Taylor Law Partners
415 North McKinley Street, Suite 1000
P.O. Box 242055
Little Rock, AR 72223
Phone: (501) 404-2333
Fax:    (501) 404-2336
Email: randy@littlerocktriallawyers.com

and

John Doyle Nalley        #
Lovell, Nalley & Payne Law Firm
501 N. Main St.
Benton, AR 72015
AR BAr No. 86132
E-Mail:  johndoylenalley@hotmail.com
Phone:  (501) 315-7491

# EXHIBIT "1"

IN THE CIRCUIT COURT OF PRAIRIE COUNTY, ARKANSAS

PAUL BETZNER AND RHONDA BETZNER,
HUSBAND AND WIFE, JAMES ALBERSON AND
TIFFANI ALBERSON, HUSBAND AND WIFE,
AND KELLEY KELLY, INDIVIDUALLY AND
ON BEHALF OF ALL OTHERS SIMILARLY
SITUATED                                                                  PLAINTIFFS

v.                                  NO: _____

C.J. MAHAN CONSTRUCTION COMPANY, LLC,
API EQUIPMENT, LLC, AND JOHN DOES 1-20                DEFENDANTS

## AFFIDAVIT OF DOYLE NALLEY IN SUPPORT OF JOHN DOE ALLEGATIONS

I, Doyle Nalley, state that I have reasonably investigated the facts and circumstances of the facts set forth in the Complaint. Despite reasonable investigation, I was unable to identify all parties that may have liability in this action including, but not limited to, the identity of the employees, servants and agents of the named defendants and any other subcontractors, other partnerships, individuals, limited liability companies and corporations that may have taken action, or failed to take action, as alleged and set forth in the Complaint. Further, Affiant Sayeth Not.

I hereby verify the above facts as true and correct.

_____
Doyle Nalley

STATE OF ARKANSAS                  ))

COUNTY OF SALINE                     ))

Subscribed and sworn to me this 18th day of September, 2017.

CRISTY LYNN PIERCE
MY COMMISSION # 12371370
EXPIRES: July 1, 2019
Saline County

_____
Notary

IN THE CIRCUIT COURT OF PRAIRIE COUNTY, ARKANSAS

PAUL BETZNER AND RHONDA BETZNER,
HUSBAND AND WIFE, JAMES ALBERSON AND
TIFFANI ALBERSON, HUSBAND AND WIFE,
AND KELLEY KELLY, INDIVIDUALLY AND
ON BEHALF OF ALL OTHERS SIMILARLY
SITUATED                                                                PLAINTIFFS

v.                                    NO: _____

C.J. MAHAN CONSTRUCTION COMPANY, LLC,
API EQUIPMENT, LLC, AND JOHN DOES 1-20                DEFENDANTS

## AFFIDAVIT OF RANDY HALL IN SUPPORT OF JOHN DOE ALLEGATIONS

I, Randy Hall, state that I have reasonably investigated the facts and circumstances of the facts set forth in the Complaint. Despite reasonable investigation, I was unable to identify all parties that may have liability in this action including, but not limited to, the identity of the employees, servants and agents of the named defendants and any other subcontractors, other partnerships, individuals, limited liability companies and corporations that may have taken action, or failed to take action, as alleged and set forth in the Complaint. Further, Affiant Sayeth Not.

I hereby verify the above facts as true and correct.

_____
Randy Hall

STATE OF ARKANSAS                    ))

COUNTY OF PULASKI                    ))

Subscribed and sworn to me this _18th_ day of September, 2017.

_____
Notary

# EXHIBIT "2"

# EXHIBIT "3"

**At least 22 wounded in London attack**
(/news/nation-world/reported-explosion-and-stampede-at-london-subway-station-09-15-2017)



"Minor" injuries reported

✕

ADVERTISEMENT

# Mandatory boil order issued for Prairie County community

by Katie Clement
Thursday, September 7th 2017



*A mandatory boil order has been issued for the community of Biscoe and customers south of I-40 who are served by the East Prairie County Water Association. (MGN) *

AA          f          ⚑          ✉
                                    (mailto:?subject=A%20link%20for%20you

PRAIRIE COUNTY (KATV) — A mandatory boil order has been issued for the community of Biscoe and customers south of I-40 who are served by the East Prairie County Water Association.

The Arkansas Department of Health says the water system serving the Biscoe/Fredonia area may have experienced a cross connection with the sewer system due to a construction incident.

ADH says they are onsite to assist with utilities and confirm the details of the incident.

ADH has instructed the utility to disconnect the pipes that may have been in question, issue a boil order, and flush the entire water system.

All customers are advised that the water is not safe for consumption and must be boiled briskly for one minute prior to use. In addition, all ice cubes should be discarded and boiled water used for making ice.

Customers should observe the boil order until further notice from ADH.

The boil order will be lifted when bacteriological samples show the water to be free of any contamination and adequately disinfected.

If anyone feels ill they are encouraged to their healthcare provider and let them know they live in one of the Prairie County communities affected.