**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL **3 0** 2019

JAMES W. McCORMACK, CLERK
By:_____
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ DEP CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

PAUL BETZNER AND RHONDA BETZNER,
HUSBAND AND WIFE, THE CALVIN FRED
BETZNER REVOCABLE TRUST, JAMES
ALBERSON AND TIFFANI ALBERSON,
HUSBAND AND WIFE, TIFFANI ALBERSON,
AS PARENT AND NEXT FRIEND OF M J, A MINOR;
KELLEY KELLY, TONY PATTERSON AND CITY OF
FREDONIA aka CITY OF BISCOE, ON BEHALF
ON BEHALF OF ALL OTHERS SIMILARLY
SITUATED                                                          **PLAINTIFFS**

v.                          **CASE NO. 4:17-CV-00778-BRW**

C.J. MAHAN CONSTRUCTION COMPANY, LLC,
API EQUIPMENT, LLC, PARSONS-MAHAN JOINT
VENTURE, PARSONS CONSTRUCTION GROUP, INC.,
JOHN DOES 1-30, MICHAEL HERNANDEZ, ANTHONY
CRUZ, SCOTT RICHARDSON, CHRIS GENTRY,
BRYAN HOFFMAN AND SCOTT WELLS                         **DEFENDANTS**

## SECOND AMENDED COMPLAINT-CLASS ACTION
### (JURY TRIAL DEMANDED)

Plaintiffs, Paul Betzner and Rhonda Betzner, Husband and Wife, The Calvin Fred Betzner

Revocable Trust, James Alberson and Tiffani Alberson, Husband and Wife, Tiffani Alberson, as

Parent and Next Friend of MJ, a Minor, Kelley Kelly, Tony Patterson and City of Fredonia aka City

of Biscoe, on Behalf of All Others Similarly Situated, being a class of persons defined as all persons

whose water was supplied by East Prairie County Water Association (hereafter "EPC") or Biscoe

Water Association (hereafter "BWA"), on or after January 1, 2016, and who have suffered direct or

consequential damages as a result of sewer contamination of their water supply that occurred due

to the acts and omissions of Defendants (hereafter collectively referred to as "Plaintiffs"), by their attorneys, Hall & Taylor Law Partners, PLLC,  and Lovell, Nalley & Nalley, for their Second Amended Complaint against Defendants, C.J. Mahan Construction Company, LLC (hereinafter "Mahan"), Parsons Construction Group, Inc., (hereinafter "Parsons",  Parsons-Mahan Joint Venture (hereinafter, "Parsons-Maham"), John Does Defendants 1-30, Michael Hernandez, Anthony Cruz, Scott Richardson, Chris Gentry, Bryan Hoffman and Scott Wells, state:

## NATURE OF THE ACTION

1.      This is a class action on behalf of a class of persons who have suffered damages as a result of sewage contaminations of their water supply that occurred as the result of the acts and omissions of Defendants.  The majority of the class are residents of Prairie County, Arkansas, and includes all persons similarly situated, for actual, compensatory, statutory and punitive damages in accordance with Rule 23 of the Federal  Rules of Civil Procedure.  As more fully set forth below, Plaintiffs' claims arise in connection with the sewage contamination of the EPC and BWA water systems which serve the City of Biscoe and portions of Prairie County, Arkansas and the homes, businesses and other structures that were infiltrated by sewage as a result.

## JURISDICTION & VENUE

2.      Jurisdiction and venue are proper in this Court. Defendants are individuals, corporations and a partnership subject to personal jurisdiction in this State as they are actively doing business in this State, and all of the acts and omissions of Defendants which give rise to this claim occurred in Prairie County, Arkansas.  Further, the overwhelming majority of the proposed class are residents of Prairie County, Arkansas.

## PARTIES

3.      Plaintiffs, Paul Betzner and Rhonda Betzner, Husband and Wife, were at all times mentioned herein residents of Biscoe, Prairie County, Arkansas, were customers of and were provided water by EPC and/or BWA. The Betzners are trustees and beneficiaries of the Betzner Trust which owns their residence.

4.      Plaintiffs, James Alberson and Tiffani Alberson, Husband and Wife, were at all times mentioned herein residents of Biscoe, Prairie County, Arkansas, were homeowners and customers of and were provided water by EPC and/or BWA.

5.      Plaintiff, Tiffani Alberson, as Parent and Next Friend of MJ, a Minor, at all times mentioned herein, was a resident of Biscoe, Prairie County, Arkansas, and was a customer of and provided water by EPC and/or BWA.  Plaintiff, Tiffani Alberson, is the natural mother and next friend of MJ, a Minor.  MJ resided in the home with James Alberson and Tiffani Alberson and suffered damages as a result of the negligence of the Defendants.

6.      Plaintiff, Kelley Kelly, was at all times mentioned herein a resident of Biscoe, Prairie County, Arkansas, and was a customer of and was provided water by EPC and/or BWA.

7.      Plaintiff, Tony Patterson, was at all times mentioned herein a resident of Biscoe, Prairie County, Arkansas, and was a homeowner and customer of and was provided water by EPC and/or BWA.

8.      Plaintiff, City of Fredonia a/k/a City of Biscoe (hereinafter "Biscoe"), is a city in Prairie County, Arkansas that owned and maintained water lines and water meters within its city limits. Plaintiff Biscoe provided water to relevant portions of EPC and/or BWA at all times relevant hereto.

9.      Upon information and belief, Separate Defendant, Mahan, is a foreign limited liability company based in Ohio, and its registered agent for service is C. Jeffrey Mahan, 250 N. Hartford Avenue, Columbus, Ohio, 43222 . Upon information and belief,  Mahan is a general contractor who was engaged in working on the White River Bridge Expansion Project in Prairie County, Arkansas, when this incident occurred (hereinafter referred to as the "Bridge Project"). This court has in personam jurisdiction over Defendant Mahan as it was properly served with service of process pursuant to the Arkansas and Federal Rules of Civil Procedure and the United States and Arkansas Constitutions.

10.     Upon information and belief, Defendant, Parsons Construction Group, Inc., is a foreign California corporation doing business in the State of Arkansas.  Its registered agent is The Corporation Company, 124 W. Capitol avenue, Suite 1900, Little Rock, Arkansas 72201.  Upon information and belief, Defendant, Parsons, is and was, at all times relevant times herein, a general contractor for the Bridge Project in Prairie County, Arkansas, when this incident occurred. This court has in personam jurisdiction over Defendant Parsons as it was properly served with service of process pursuant to the Arkansas and Federal Rules of Civil Procedure and the United States and Arkansas Constitutions.

11.     Defendant, Parsons-Mahan, is a joint venture by and between Separate Defendants, Mahan and Parsons.  Defendant Parsons-Mahan is a foreign general partnership doing business in the State of Arkansas.  Its registered agent is The Corporation Company, 124 W. Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201. Upon information and belief  Defendant, Parsons-Mahan is and was, at all times relevant times herein, a general contractor Bridge Project in Prairie County, Arkansas, when this incident occurred.  Defendants Parsons and Mahan, as partners in a general

partnership, are individually liable for the negligent, reckless and intentional acts of the Parsons-Mahan Joint Venture. This court has in personam jurisdiction over Defendant Parsons-Mahan as it properly served with service of process pursuant to the Arkansas and Federal Rules of Civil Procedure and the United States and Arkansas Constitutions.

12.    Defendant Michael Hernandez, upon information and belief, is a non-resident of the State of Arkansas, and was, at all times mentioned herein, acting as a construction manager within the scope of his employment or agency as an employee, agent, and/or servant of Defendants, Mahan, Parsons-Mahan, and/or Parsons on the Bridge Project. Any and all acts and omissions of Michael Hernandez, as set forth herein, are imputed to Defendants, Mahan, Parsons-Mahan, and/or Parsons, as a matter of law, and therefore, Defendants, Mahan, Parsons-Mahan, and/or Parsons, are liable and vicariously liable for the acts and omissions of Michael Hernandez.

13.    Defendant Anthony Cruz, upon information and belief, is a resident of the State of Nevada, and was, at all times mentioned herein, acting as construction manager within the scope of his employment or agency as an employee, agent, and/or servant of Defendants, Mahan, Parsons-Mahan, and/or Parsons on the Bridge Project. Any and all acts and omissions of Anthony Cruz, as set forth herein, are imputed to Defendants, Mahan, Parsons-Mahan, and/or Parsons, as a matter of law, and therefore, Defendants, Mahan, Parsons-Mahan, and/or Parsons, are liable and vicariously liable for the acts and omissions of Anthony Cruz.

14.    Defendant Scott Richardson, upon information and belief, is a resident of the State of Arkansas, and was, at all times mentioned herein, acting as construction superintendent within the scope of his employment or agency as an employee, agent, and/or servant of Defendants, Mahan, Parsons-Mahan, and/or Parsons on the Bridge Project. Any and all acts and omissions of

Scott Richardson, as set forth herein, are imputed to Defendants, Mahan, Parsons-Mahan, and/or Parsons, as a matter of law, and therefore, Defendants, Mahan, Parsons-Mahan, and/or Parsons, are liable and vicariously liable for the acts and omissions of Scott Richardson.

15.    Defendant Chris Gentry, upon information and belief, is a resident of the State of Arkansas, and was, at all times mentioned herein, acting as labor foreman within the scope of his employment or agency as an employee, agent, and/or servant of Defendants, Mahan, Parsons-Mahan, and/or Parsons on the Bridge Project. Any and all acts and omissions of Chris Gentry, as set forth herein, are imputed to Defendants, Mahan, Parsons-Mahan, and/or Parsons, as a matter of law, and therefore, Defendants, Mahan, Parsons-Mahan, and/or Parsons, are liable and vicariously liable for the acts and omissions of Chris Gentry.

16.    Defendant  Bryan Hoffman, upon information and belief, is a resident of the State of Arkansas, and was, at all times mentioned herein, acting as a laborer within the scope of his employment or agency as an employee, agent, and/or servant of Defendants, Mahan, Parsons-Mahan, and/or Parsons. Any and all acts and omissions of Brian Hoffman, as set forth herein, are imputed to Defendants, Mahan, Parsons-Mahan, and/or Parsons, as a matter of law, and therefore, Defendants, Mahan, Parsons-Mahan, and/or Parsons, are liable and vicariously liable for the acts and omissions of Bryan Hoffman.

17.    Defendant Scott Wells, upon information and belief, is a resident of the State of Arkansas, and was, at all times mentioned herein, acting as a machinery operator within the scope of his employment or agency as an employee, agent, and/or servant of Defendants, Mahan, Parsons-Mahan, and/or Parsons. Any and all acts and omissions of Scott Wells, as set forth herein, are imputed to Defendants, Mahan, Parsons-Mahan, and/or Parsons, as a matter of law, and therefore,

Defendants, Mahan, Parsons-Mahan, and/or Parsons, are liable and vicariously liable for the acts and omissions of Scott Wells.

18.     Defendant, John Does 1-30, are employees, agents, and/or servants of Separate Defendants, Mahan, Parsons-Mahan, and/or Parsons, who were working at the Bridge Project site during the class period and who severed the water line on or near the construction site in Prairie County, Arkansas. At all times relevant hereto, Defendant, John Does 1-30, were acting in the course and scope of their employment with Separate Defendants, Mahan, Parsons-Mahan, and/or Parsons, and therefore, Mahan, Parsons-Mahan, and/or Parsons are vicariously liable for the negligent acts and omissions of John Does 1-30.

19.     That John Does 1-30 are individuals, partnerships, and/or corporations or other entities, the identities of which are unknown to Plaintiffs at this time, who are responsible for the sewage contamination of the EPC and BWA water systems which give rise to this Complaint, and are subject to the jurisdiction of this Court. At all times relevant hereto, Defendant, John Does 1-30, were acting in the course and scope of their respective employment with Separate Defendants, Mahan, Parsons-Mahan, and/or Parsons, and therefore, Mahan, Parsons-Mahan, and/or Parsons, are vicariously liable for the negligent acts and omissions of John Does 1-30. The Affidavit of Randy Hall regarding the John Doe Defendants is attached hereto as Exhibit "1".

## STATEMENT OF FACTS

20.     Upon information and belief, Defendant Mahan was, at all times set forth herein, the general contractor for the Bridge Project and a partner in the Parsons-Mahan joint venture.

21.     Upon information and belief, Defendant Parsons was at all times set forth herein hereto, the general contractor for the Bridge Project and a partner in the Parsons-Mahan joint

Page 7 of 35

venture.

22.     Upon information and belief, Defendant Parsons-Mahan was at all times set forth herein, the general contractor for the Bridge Project having been awarded the bid from the Arkansas Highway and Transportation Department.

23.     Water and sewer lines that service the State of Arkansas Travel Information Centers are located adjacent to the White River bridge under the Bridge Project site. The water and sewer lines run eastward, under the White River, and are connected to the City of Biscoe utilities approximately three miles from the Project site (hereinafter referred to as the "Utility Lines"). The Utility Lines are owned by the Arkansas Department of Transportation.

24.     During 2017, the Defendants Hernandez, Cruz and other employees of Parsons, Mahan or Parsons-Mahan, participated in construction meetings with representatives from the Arkansas Department of Transportation. During the meetings, the Defendants were repeatedly warned about the presence location and depth of the Utility Lines and to exercise caution to not damage the lines.

25.     Defendants, Mahan, Parsons-Mahan, Parsons, John Does 1-30, Michael Hernandez, Anthony Cruz, Scott Richardson, Chris Gentry, Bryan Hoffman and Scott Wells, and their employees, agents, servants and/or assigns, owed Plaintiffs a duty of care to use any and all resources available to them to locate and mark the Utility Lines prior to any excavation at the Project site.

26.     Various forms of information was available to, or in the actual possession of, the Defendants which properly indicated the location of Utility Lines. This information included, but is not limited to, plans showing the proper location of the water and sewer lines and at least one eye

witness who has testified that he would have been able to identify the location of the lines.

27.    Defendants, Mahan, Parsons-Mahan, Parsons, John Does 1-30, Michael Hernandez, Anthony Cruz, Scott Richardson, Chris Gentry, Bryan Hoffman and Scott Wells, and their employees, agents, servants and/or assigns, knew or should have known the location of the Utility Lines through construction plans and information provided or available to them by the Arkansas Highway and Transportation Department and others.

28.    Defendants Mahan, Parsons-Mahan, Parsons, John Does 1-30, Michael Hernandez, Anthony Cruz, Scott Richardson, Chris Gentry, Bryan Hoffman and Scott Wells, and their employees, agents, servants and/or assigns, negligently, knowingly, willingly and recklessly failed to adequately locate and mark the Utility Lines prior to excavating at the Project Site in violation of the standard of care and the policies and procedures of Mahan, Parsons and Parsons-Mahan.

29.    Throughout the course of the construction, the Defendants, Mahan, Parsons, Parsons-Mahan, John Does 1-30, Michael Hernandez, Anthony Cruz, Scott Richardson, Chris Gentry, Bryan Hoffman or Scott Wells, did follow a course of conduct whereby they, by and through excavation, damaged the unmarked Utility Lines in multiple areas and subsequently made repairs without a licensed plumber, without a plan, without disinfection of the lines and without an inspection all of which violated the Arkansas Plumbing Code. These repairs were secreted from the Plaintiffs, the City of Biscoe, the Arkansas Department of Transportation, and the Arkansas Department of Health. Each time the unmarked Utility Lines were damaged, the Travel Information Centers which were serviced by the Utility Lines were closed to the public.

30.    In and around July or August, 2017, Mahan, Parsons-Mahan, Parsons, John Does 1-

30, Anthony Cruz, Scott Richardson, Chris Gentry, Bryan Hoffman or Scott Wells, and their employees, agents, servants and/or assigns did negligently and recklessly sever the unmarked Utility Lines again. To the best of Plaintiffs' knowledge, the unmarked Utility Lines were severed during excavation of a water drainage trench.

31.    As it did in the prior instances of damaged lines, Defendants, Mahan, Parsons, Parsons-Mahan, John Does 1-30, Michael Hernandez, Anthony Cruz, Scott Richardson, Chris Gentry, Bryan Hoffman or Scott Wells, and their employees, agents, servants and/or assigns did negligently, willingly and knowingly secret the damaged Utility Lines from the Arkansas Department of Health, the Arkansas Department of Transportation, EPC, BWA or any other proper authority.

32.    Defendants, Mahan, Parsons, Parsons-Mahan, John Does 1-30, Michael Hernandez, Anthony Cruz, Scott Richardson, Chris Gentry, Bryan Hoffman or Scott Wells, and their employees, agents, servants and/or assigns did negligently, recklessly, willingly and knowingly attempt to repair the damaged Utility Lines without the aid of a licensed plumber, without an approved plan, without disinfecting the repairs and without an inspection all of which violated the Arkansas Plumbing Code.

33.    According to testimony of Herb Schick and Chris Gentry, Brian Hoffman, Scott Wells, Scott Richardson and Chris Gentry each objected to making the repairs to the Utility Lines without the aid and assistance of a plumber licensed by the State of Arkansas. Despite their objections, they were ordered to make the repairs by Anthony Cruz.

34.    Defendants, Mahan, Parsons, Parsons-Mahan, John Does 1-30, Anthony Cruz, Scott Richardson, Chris Gentry, Bryan Hoffman or Scott Wells, and their employees, agents, servants

and/or assigns, repeatedly attempted to repair the unmarked water line without the aid and assistance of a plumber licensed by the State of Arkansas. Each time a repair was made, the water line did leak causing the Defendants to make or attempt to make additional repairs. These repairs, too, were secreted from the Plaintiffs, the City of Biscoe, the Arkansas Department of Health and the Arkansas Department of Transportation.

35.    Defendants, Mahan, Parsons, Parsons-Mahan, John Does 1-30, Michael Hernandez, Anthony Cruz, Scott Richardson, Chris Gentry, Bryan Hoffman or Scott Wells, and their employees, agents, servants and/or assigns knew or should have known that they were incapable of making the repairs after the repetitive unsuccessful attempts to repair the unmarked Utility Lines. However, rather than call a licensed plumber, the Defendants did continue to attempt repairs to the unmarked Utility Lines.

36.    On the final attempt to repair the damaged water line, Defendants, Mahan, Parsons, Parsons-Mahan, John Does 1-30, Michael Hernandez, Anthony Cruz, Scott Richardson, Chris Gentry, Bryan Hoffman and Scott Wells, and their employees, agents, servants and/or assigns did negligently and recklessly cross connect the water line to a sewer line.

37.    The erroneously repaired Utility Lines (with the cross connection) were then secretly covered up by the Defendants, Mahan, Parsons, Parsons-Mahan, John Does 1-30, Michael Hernandez, Anthony Cruz, Scott Richardson, Chris Gentry, Bryan Hoffman and Scott Wells, and their employees, agents, servants and/or assigns, without an inspection of the repairs or disinfection of the repaired lines.

38.    On approximately September 1, 2017, the nearby Tourist Information Centers were re-opened to the public for the Labor Day Holiday. At or on that same date, the Utility Lines that

had been severed and repaired by the Defendants were activated thereby injecting raw sewage from the Tourist Information Centers into the entire water systems of EPC and/or BWA and Plaintiffs' homes, businesses and other structures serviced by the City of Biscoe water system.

39.     The cross connected lines were not discovered until Tuesday, September 6, 2017, following the Labor Day Holiday when residents of the City of Biscoe began to report the discoloration and malodor of their drinking water.

40.     The Arkansas Department of Health directed the City of Biscoe to sever the water and sewer lines and flush the City of Biscoe Water system. A Boil Order was issued to the City of Biscoe and parts of the EPC system.

41.     According to witnesses, the City of Biscoe system was drained to the point of the water tower being depleted of water but the draining water never "cleared up" from the raw sewage. Attached hereto as Exhibit "2" is a photograph of a water hydrant belonging to EPC and/or BWA spewing sewage that had been injected into the entire Biscoe water system when the lines were cross connected by the Defendants.

42.     After the Biscoe Water system was recharged, testing by the Arkansas Department of Health indicated the presence of E-Coli bacteria in parts of the Biscoe water system despite the lines having been flushed and hyperchlorinated.

43.     Several days later, after testing indicated the water from was free from E-Coli, the Arkansas Department of Health lifted the Boil Order.

## COUNT I-FAILURE TO LOCATE AND MARK UTILITY LINES

44.     Plaintiffs hereby incorporate by reference all other paragraphs in this Complaint as though fully set forth herein.

45.     Defendants, Defendants, Mahan, Parsons, Parsons-Mahan, John Does 1-30, Michael Hernandez, Anthony Cruz, Scott Richardson, Chris Gentry, Bryan Hoffman and Scott Wells, and their employees, agents, servants and/or assigns owed Plaintiffs, and those similarly situated,  a duty of care to: 1) properly locate and mark the Utility Lines using all resources available to them prior to excavating the Project Site; 2) have and enforce policies and procedures that were designed to require the location and marking of the Utility Lines; 3) train their employees, agents and assigns to properly locate and mark the Utility Lines prior to excavation; 4) heed the warnings from Arkansas Department of Transportation about the location of the Utility Lines; 5) otherwise exercise reasonable care to prevent damage to the Utility Lines.

46.     Defendants, Defendants, Mahan, Parsons, Parsons-Mahan, John Does 1-30, Michael Hernandez, Anthony Cruz, Scott Richardson, Chris Gentry, Bryan Hoffman and Scott Wells, and their employees, agents, servants and/or assigns, breached the standard of care when they negligently, recklessly and willfully:

   a.     Failed to properly and timely locate and mark the affected water and sewer lines prior to excavation so that the Utility Lines were not damaged;

   b.     Failed to notify Arkansas One Call prior to performing excavation work at or near the water and sewer lines;

   c.     Failed to heed the warnings from the Arkansas Department of Transportation regarding the location and depth of the lines to prevent damage;

   d.     Failed to use and refer to all sources of information available to them to properly locate and mark the Utility Lines including the construction plans,

Arkansas One Call and witnesses available to assist them;

e.  Failed to have and enforce a policy or procedure that required that all Utility Lines be marked prior to excavation;

f.  Failed to properly train employees, agents and assigns mark and locate all Utility Lines prior to excavation;

g.  Failed to properly supervise employees, agents and assigns in the proper procedures for locating and marking Utility Lines prior to excavation;

h.  Otherwise failed to take appropriate safeguards and reasonable caution to locate and mark the Utility Lines prior to excavating the Project area.

47.  The collective negligent, willful and reckless acts of the Defendants when they failed to locate and mark the Utility Lines is the actual and proximate cause of the damages suffered by Plaintiffs and those similarly situated to them.

## COUNT II-CROSS CONNECTION OF THE UTILITY LINES

48.  Plaintiffs hereby incorporate by reference all other paragraphs in this Complaint as though fully set forth herein.

49.  Defendants, Defendants, Mahan, Parsons, Parsons-Mahan, John Does 1-30, Michael Hernandez, Anthony Cruz, Scott Richardson, Chris Gentry, Bryan Hoffman and Scott Wells, and their employees, agents, servants and/or assigns owed Plaintiffs and those similarly situated a duty of care to properly, lawfully and appropriately repair any damaged Utility Lines in accordance with the applicable parts of the Arkansas Plumbing Code.

50.  Defendants, Mahan, Parsons, Parsons-Mahan, John Does 1-30, Michael Hernandez, Anthony Cruz, Scott Richardson, Chris Gentry, Bryan Hoffman and Scott Wells, and their

employees, agents, servants and/or assigns did negligently and recklessly breach the standard of care when they cross-connected the water line to the sewer line.

51.     Defendants, Mahan, Parsons, Parsons-Mahan, John Does 1-30, Michael Hernandez, Anthony Cruz, Scott Richardson, Chris Gentry, Bryan Hoffman and Scott Wells, and their employees, agents, servants and/or assigns did negligently, knowingly, recklessly and willfully violate the Arkansas Plumbing Code in the following manners: a) making plumbing repairs and installations without the proper license; b) making plumbing repairs and installations without a proper plan approved by the Arkansas Department of Health; c) making plumbing repairs and installations without a proper inspection;  d) making plumbing repairs and installations without disinfecting the repaired Utility Lines; and e) secretly making plumbing repairs and installations with notifying the Arkansas Department of Health.

52.     The collective negligent, willful, reckless and intentional acts of the Defendants when  they secretly made the improper repairs and installations of the unmarked Utility  Lines is the actual and proximate cause of the raw sewage being injected into the City of Biscoe public water system thereby causing damages suffered by Plaintiffs and those similarly situated.

## COUNT III-FAILURE TO WARN AND INFORM THE ARKANSAS DEPARTMENT OF TRANSPORTATION, THE ARKANSAS DEPARTMENT OF HEALTH AND THE CITY OF BISCOE

53.     Plaintiffs hereby incorporate by reference all other paragraphs in this Complaint as though fully set forth herein.

54.     Defendants, Defendants, Mahan, Parsons, Parsons-Mahan, John Does 1-30, Michael Hernandez, Anthony Cruz, Scott Richardson, Chris Gentry, Bryan Hoffman or Scott Wells,

and their employees, agents, servants and/or assigns, owed Plaintiffs and those similarly situated a duty of care to notify the Arkansas Department of Transportation, the Arkansas Department of Health and the City of Biscoe when they damaged and attempted to repair the Utility Lines.

55.    Defendants, Mahan, Parsons, Parsons-Mahan, John Does 1-30, Michael Hernandez, Anthony Cruz, Scott Richardson, Chris Gentry, Bryan Hoffman and Scott Wells, and their employees, agents, servants and/or assigns did breach the standard of care when they negligently, knowingly, recklessly and willfully refused and failed to warn or otherwise inform the Arkansas Department of Transportation, the Arkansas Department of Health and the City of Biscoe that they had both damaged the unmarked Utility Lines and made repairs thereto in violation of the Arkansas Plumbing Code.

56.    Had the Defendants notified the Arkansas Department of Health prior the repairs and hired a licensed plumber to make the repairs, the lines would not have been cross connected.

57.    The collective negligent, willful, reckless and willful acts of the Defendants when they secretly made the improper repairs and installations of the unmarked Utility Lines is the actual and proximate cause of the raw sewage being injected into the City of Biscoe public water system thereby causing damages suffered by Plaintiffs.

## COUNT IV-TRESPASS

58.    Plaintiffs hereby incorporate by reference all other paragraphs in this Complaint as though fully set forth herein.

59.    Defendants, Mahan, Parsons, Parsons-Mahan, John Does 1-30, Michael Hernandez, Anthony Cruz, Scott Richardson, Chris Gentry, Bryan Hoffman or Scott Wells, and their employees, agents, servants and/or assigns did negligently, knowingly and recklessly cause the raw

sewage from the Tourist Information Center to trespass into the public water facilities of the City

of Biscoe and the homes, businesses and other structures serviced by the City of Biscoe water

system and owned by Plaintiffs and those similarly situated.

60.      The collective negligent, reckless and willful acts of the Defendants when

they secretly made the improper repairs and installations of the unmarked Utility Lines in violation

of Arkansas Plumbing Code and the standard of care is the actual and proximate cause of the raw

sewage being injected into the City of Biscoe public water system and the residences, businesses

and structures serviced thereby causing damages suffered by Plaintiffs and those similarly situated.

## COUNT V-MEDICAL MONITORING

61.      Plaintiffs hereby incorporate by reference all other paragraphs in this Complaint as

though fully set forth herein.

62.      Defendants' negligent, reckless and willful conduct  caused raw sewage to be

introduced into the City of Biscoe Water system and into the homes, businesses and other structures

owned and occupied by Plaintiffs and those persons similarly situated in the Class.

63.      Defendants' negligent, reckless and willful conduct has exposed Plaintiffs and those

similarly situated in the Class to substantial bodily harm, including infection and disease that could

negatively affect their health for many years.

64.      As a direct and proximate result of the exposure to contaminated sewage water,

Plaintiffs and those similarly situated are at increased risk for certain infections and diseases and

will require blood tests and other medical testing to detect the presence of disease as a result of the

ingestion and continuous exposure of raw sewage.

65.      Plaintiffs and those similarly situated in the Class are thus entitled to the

establishment of a medical monitoring program that includes, among other things:

    a.    Establishing a trust fund, in an amount to be determined, to pay for the medical monitoring of Plaintiffs and those similarly situated; and

    b.    Notifying all persons similarly situated in writing that they may require routine medical monitoring to diagnose infections, diseases, and other health conditions as a result of the contaminated water.

## COUNT VI- TORT OF OUTRAGE

66.    Plaintiffs hereby incorporate by reference all other paragraphs in this Complaint as though fully set forth herein.

67.    Defendants acted recklessly, willfully and wantonly engaged in extreme and outrageous conduct in the following ways:

    a.    Knowingly and recklessly failing to locate and mark the Utility Lines to prevent damage thereto;

    b.    Knowingly and recklessly damaging and severing the water and sewer lines at the project site;

    c.    Recklessly, Knowingly and Intentionally failing to inform the Arkansas Department of Transportation, the Arkansas Department of Health, EPC, BWA, Plaintiffs or any other proper authority that they had severed and/or breached the water and sewer lines;

    c.    Intentionally, Knowingly and Recklessly proceeding to repair the severed water and sewer lines without the assistance or knowledge of the Arkansas Department of Health, a licensed plumber, EPW, BWA or any other proper

authority capable and competent of making the repairs;

d.    Intentionally, Knowingly and Recklessly failing to inform the Arkansas Department of Transportation, the Arkansas Department of Health,  EPC, BWA, Plaintiffs or any other proper authority that they had made repairs to the water and/or sewer lines so that the lines could be flushed or checked for integrity;

e.    Intentionally concealing the fact that the water and sewer lines had been severed;

f.    Intentionally failing to hire a properly licensed plumber to install and repair the damaged lines;

g.    Intentionally failing to allow an inspection of the damaged lines by the Arkansas Department of Health after the repairs; and

h.    Intentionally concealing the fact that the Defendants damaged and repaired the lines themselves.

68.    As a direct and proximate result of the exposure to contaminated water, Plaintiffs and those similarly situated have suffered damages as set forth herein.

## COUNT VII - BREACH OF CONTRACT

69.    Plaintiffs hereby incorporate by reference all other paragraphs in this Complaint as though fully set forth herein.

70.    That Defendants, C.J. Mahan Construction Company, LLC, Parsons Construction Group, Inc., and Parsons-Mahan Joint Venture, entered into a Contract with ARDOT for the construction of the White River Bridge near Biscoe, Arkansas.

71.     That as part of this Contract, Defendants, C.J. Mahan Construction Company, LLC, Parsons Construction Group, Inc., and Parsons-Mahan Joint Venture, agreed to replace water and sewer lines which serve the Tourist Information Centers (TIC) located on the North and South sides of the Interstate.

72.     That, at all times mentioned herein, Plaintiff, City of Biscoe, supplied water and sewer services to the TIC under a Contract with ARDOT which had been in place for many years.

73.     That Plaintiff, City of Biscoe, was a third party beneficiary of the Contract between Defendants, C.J. Mahan Construction Company, LLC, Parsons Construction Group, Inc., and Parsons-Mahan Joint Venture, and ARDOT in regards to the replacement of the water and sewer lines.

74.     That Defendants, C.J. Mahan Construction Company, LLC, Parsons Construction Group, Inc., and Parsons-Mahan Joint Venture, breached that portion of the ARDOT Contract regarding the replacement of the water and sewer lines when Defendants, their agents, servants and employees, negligently breached and cross-connected the lines, as set forth herein.

75.     As a result of the actions of Defendants, C.J. Mahan Construction Company, LLC, Parsons Construction Group, Inc., and Parsons-Mahan Joint Venture, the City of Biscoe suffered the loss of water revenue from ARDOT, and contamination of its water system, which must be replaced.

76.     That Plaintiffs pray for damages for lost revenue and replacement of its water system, together with their attorney's fees and costs, pursuant to Arkansas law.

## CAUSATION

77.     As a direct and proximate result of the negligent, knowing, reckless and willful

conduct set forth hereinabove, Defendants, Mahan, Parsons, Parsons-Mahan, John Does 1-30, Michael Hernandez, Anthony Cruz, Scott Richardson, Chris Gentry, Bryan Hoffman or Scott Wells, and their employees, agents, servants and/or assigns, directly and proximately caused deleterious fecal and other sewer materials containing E. Coli bacteria, salmonella and other bacteria to be infused into the City of Biscoe public water system water supply used by Plaintiffs and those similarly situated. But for the acts of Defendants, the Plaintiffs homes, businesses and other structures would not have been infused with raw sewage.

78.     As a direct and proximate result of the negligence of Defendants, Mahan, Parsons, Parsons-Mahan,  John Does 1-30, Michael Hernandez, Anthony Cruz, Scott Richardson, Chris Gentry, Bryan Hoffman and Scott Wells, and their employees, agents, servants and/or assigns, as set forth above, Plaintiffs have suffered damages as herein described.

79.     Because of Defendants' failure to warn the Arkansas Department of Transportation, the Arkansas Department of Health, Arkansas One Call, EPC, BWA and/or the Plaintiffs that the lines had been damaged and improperly repaired, Plaintiffs and the class members continued to use the water from at least September 1, 2017, until a mandatory boil order was issued by the Arkansas Department of Health ("ADH") on or around September 6, 2017. A copy of the ADH press release is attached hereto as Exhibit "3".

80.     Because of the Defendants' collective negligent, reckless and intentional acts set forth hereinabove, Plaintiffs, and those similarly situated, have had their bodies, their plumbing systems, hot water tanks, washers, dishwashers, ice-makers and other appliances have been irreversibly exposed to raw sewage.

## COMPENSATORY DAMAGES

81.    Plaintiffs, and all others similarly situated, had their bodies water systems and appliances that use potable water contaminated with sewage due to the acts and omissions of the Defendants as set forth herein.

82.    Because no notice was given by Defendants of the breach in the water line and faulty repair of the lines, Plaintiffs, and all others similarly situated, were prevented from taking appropriate cautionary action to prevent exposure to the raw sewage.

83.    Plaintiffs, and all others similarly situated,  have suffered common damages as follows:

    a.    Certain Plaintiffs have become physically ill due to the ingestion and/or contact with the contaminated water and have endured pain, suffering and mental anguish, have incurred past medical expenses, lost income, and will incur future medical expenses and lost income;

    b.    Certain Plaintiffs have suffered permanent injury as a result of the ingestion and/or contact with the contaminated water;

    c.    All Plaintiffs have incurred either past expenses or will incur future expenses to  replace plumbing;

    d.    All Plaintiffs who own residences, businesses or other structures with water service have and will suffer diminished value of real property due to the sewage water contamination of their internal water lines, water heaters and other appliances permanently affixed to their real property or residences;

    e.    All Plaintiffs have incurred a loss of personal property, including clothing,

appliances and other household items destroyed by use of the contaminated water;

f.      All Plaintiffs have incurred expense for increased water bills and out-of-pocket expenses to buy bottled water and transport water to drink and in order to perform the necessary household functions that require water;

g.      All Plaintiffs have suffered exposure to raw sewage tainted with bacteria, fungi, viruses and other deleterious materials and require future medical monitoring and blood testing to detect the presence of disease after exposure and ingestion of raw sewage; and

h.      All Plaintiffs have suffered fear, anxiety and mental anguish regarding potential future illness from ingestion or contact with the raw sewage which may cause illnesses ranging from HIV, Hepatitis A and E Coli.

## PUNITIVE DAMAGES

84.      That months prior to the breach of the water and sewer lines, Anthony Cruz, Construction Manager, together with job Superintendents, Scott Richardson and Herb Schick, walked the area where the water and sewer lines were located while reviewing construction plans provided to them by ARDOT or others.

85.      That prior to the breach, on April 11, 2017, and April 18, 2017, Defendants were warned by the Arkansas Department of Transportation not to damage the Utility Lines. Information about the specific location and depth (three feet) of the Utility Lines was included in the warnings.

86.      Mahan, Parsons and Parsons Mahan was present at those meetings by and through their employees, agents and assigns, Michael Hernandez, Brian Mar and Anthony Cruz.

87.     Despite the warnings by the Arkansas Department of Transportation, Defendants, Mahan, Parsons, Parsons-Mahan,  John Does 1-30, Michael Hernandez, Anthony Cruz, Scott Richardson, Chris Gentry, Bryan Hoffman and/or Scott Wells, and their employees, agents, servants and/or assigns negligently, knowingly, recklessly and willfully failed and refuse to locate and mark the Utility Lines.

88.     Defendants, C.J. Mahan, Parsons, Parsons-Mahan, John Does 1-30, Michael Hernandez, Anthony Cruz, Scott Richardson, Chris Gentry, Bryan Hoffman and Scott Wells, and their employees, agents, servants and/or assigns, secretly made the repairs without proper expertise, permits, inspections, plans or the use of licensed plumber all of which violated Arkansas law.

89.     During the course of the repairs, Scott Richardson, Chris Gentry and others specifically requested that a licensed plumber be called in to make the needed repairs.

90.     That Anthony Cruz, the construction manager, and employee with the most authority in the field,  rejected these specific requests for plumber and dictated to John Does 1-13, Richardson, Gentry, Wells and Hoffman that the repairs be made, saying "You work for me",  at which time the lines were cross-connected.

91.     That three unsuccessful attempts to repair the damaged water line were made. Despite the two prior failed attempts, Defendants continued to attempt repairs the third of which resulted in the cross connection of the water and sewer lines.

92.     Defendants, C.J. Mahan, Parsons,Parsons-Mahan, John Does 1-30, Michael Hernandez, Anthony Cruz, Scott Richardson, Chris Gentry, Bryan Hoffman and/or Scott Wells, and their employees, agents, servants and/or assigns, despite prior notices, prior warnings and the availability of construction plans and other resources, made no efforts to identify which line was

water or sewer, in any manner.

93.     That Defendants, Mahan, Parsons,Parsons-Mahan, John Does 1-30, Michael Hernandez, Anthony Cruz, Scott Richardson, Chris Gentry, Bryan Hoffman and Scott Wells, and their employees, agents, servants and/or assigns knew, or ought to have known, in the light of the surrounding circumstances, that their conduct would naturally and probably result in injury and damage, and that they continued such conduct with malice or in reckless disregard of the consequences, from which malice may be inferred.

94.     As a direct and proximate result of Defendants, Mahan, Parsons, Parsons-Mahan, John Does 1-30, Michael Hernandez, Anthony Cruz, Scott Richardson, Chris Gentry, Bryan Hoffman and Scott Wells' conduct, Plaintiffs and those similarly situated have sustained property damages, bodily injuries, mental anguish, pain and suffering and emotional distress.

95.     Plaintiffs, and those similarly situated, are entitled to punitive damages to deter others from similar conduct and to punish the Defendants.

## FACTS REGARDING PLAINTIFFS

### I.     Paul Betzner and Rhonda Betzner, Husband and Wife

96.     Paul Betzner and Rhonda Betzner, Husband and Wife, have resided on Betzner Road in Biscoe, Arkansas, for several years, and at all times mentioned herein were customers of, and provided water by, EPC and/or BWA.

97.     The Betzners are trustees and beneficiaries of the The Calvin Fred Betzner Revocable Trust which owns their residence.

98.     The Betzner's home is a permanent foundation home with crawl space and is plumbed with galvanized, plastic and copper plumbing. The Betzner home contains a hot water

heater, washer, dishwasher, icemaker and other personal property which was exposed to the raw sewage.

99.     The Betzner home will require new plumbing and the appliances need to be replaced.

100.    In the absence of replaced plumbing in their home, the Betzners will suffer diminished value of their real property.

101.    Prior to being notified of the sewage contamination by the boil order, the Betzners routinely drank, cooked, bathed and performed all other daily activities using the contaminated water.

102.    Although the Betzners have not been required to seek medical attention, to date, as a result of their ingestion or contact with the contaminated water, future medical monitoring services are needed due to their exposure and the potential development of serious medical issues as a result of the exposures.

103.    As a direct and proximate result of the acts and omissions of Defendants, the Betzners have been required to boil their water, use bottled water and other water sources, suffered increased water bills due to continually flushing out contaminated water, and have suffered reduced property values  other consequential damages.

## II.      James Alberson and Tiffani Alberson, Husband and Wife

104.    James Alberson and Tiffani Alberson, Husband and Wife, have resided in Biscoe, Arkansas, for many years with their three (3) minor children, and were at all times mentioned herein provided water as customers of EPP and/or BWA.

105.    The Alberson's home is a manufactured home with crawl space and is  plumbed

with plastic piping that must be continually flushed to eliminate the sewage water.

106.    Prior to being notified of the sewage contamination by the boil order, the Albersons drank, cooked, bathed and performed all other daily activities using the contaminated water.

107.    In the absence of replaced plumbing in their home, the Albersons will suffer diminished value of their real property.

108.    Although James and Tiffani Alberson themselves have not been required to seek medical attention, to date, as a result of the ingestion or contact with the contaminated water, medical monitoring services should be provided to them and their minor children to detect potentially serious medical issues in the future.

109.    As a direct and proximate result of the acts and omissions of Defendants, the Albertsons have been required to boil their water, use bottled water and other water sources, suffered increased water bills due to continually flushing out contaminated water, and have suffered reduced property values other consequential damages.

**III.    Tiffani Alberson, as Natural Parent and Next Friend of MJ, a Minor**

110.    At all times relevant herton, MJ, a minor, resided with her parents, James and Tiffani Alberson in Biscoe, Arkansas. At all times relevant hereto, MJ's residence was provided water by EPC and/or BWA.

111.    Prior to being notified of the sewage contamination by the boil order, MJ drank, cooked, bathed and performed all other daily activities using the contaminated water.

112.    As a result of MJ's ingestion and/or contact with the contaminated water, she has developed open sores on her leg that have tested positive for MRSA.

113.    As a result of MJ's ingestion and/or contact with the contaminated water, she has

sougt medical treatment and will incur future medical treatment.

114.    As a result of MJ's ingestion and contact with the contaminated water,
medical monitoring services should be provided to her to detect potentially serious medical issues
in the future.

**IV.    Kelley Kelly**

115.    Kelley Kelly has resided in Biscoe, Arkansas, for many years, and, at all times
relative hereto, was provided water as a customer of EPC and/or BWA.

116.    Kelley Kelly's home is plumbed with galvanized piping and the plumbing must also
be replaced.

117.    In the absence of replaced plumbing in their home, Kelly Kelly  will suffer
diminished value of her real property.

118.    Kelley Kelly has become ill as the result of her ingestion and/or contact with the
contaminated water.

119.    She has suffered pain, suffering and mental anguish, as well as incurring past and
future medical expenses, suffering lost income, and has permanent injury.

120.    Prior to being notified of the sewage contamination, Kelley Kelly routinely drank,
cooked, bathed and performed all other daily activities using the contaminated water.

121.    Because of her exposure to the contaminated water, medical monitoring services
should be provided to her to detect serious medical issues in the future.

122.    Due to the acts and omissions of Defendants, Kelley Kelly has been required to boil
her water, use bottled water and other water sources, has suffered increased water bills due to
continually flushing out contaminated water, and has suffered other consequential damages.

### V.    Tony Patterson

123.    Tony Patterson has resided in Biscoe, Arkansas, for many years, and, at all times relative hereto, was provided water as a customer of EPC and/or BWA.

124.    Tony Patterson's home is plumbed with galvanized copper and plastic plumbing.

125.    The contaminated sewage water cannot be properly and completely eliminated from Tony Patterson's home, and his home will require new plumbing.

126.    In the absence of replaced plumbing in their home, Tony Patterson will suffer diminished value of his real property.

127.    Prior to being notified of the sewage contamination by the boil order, Tony Patterson routinely drank, cooked, bathed and performed all other daily activities using the contaminated water.

128.    Although Tony Patterson has not been required to seek medical attention, to date, as a result of his ingestion or contact with the contaminated water, future medical monitoring services are needed due to his exposure and the potential development of serious medical issues as a result of the exposures.

129.    As a direct and proximate result of the acts and omissions of Defendants, Tony Patterson has been required to boil his water, use bottled water and other water sources, has suffered increased water bills due to continually flushing out contaminated water, and has suffered dimiished property values other consequential damages.

### VI.    Plaintiff Biscoe

130.    Plaintiff Biscoe owns building(s) (fire department and city hall) that were provided water by EPC and/or BWA .

131.    The building(s) owned by Plaintiff Biscoe are plumbed with galvanized, plastic and copper pipes.

132.    The contaminated sewage water cannot be properly and completely eliminated from Plaintiff Biscoe's building(s) that contain galvanized pipes.

133.    Plaintiff Biscoe's building(s) plumbing systems will have to be completely replaced In the absence of replaced plumbing in their home, the Biscoe will suffer diminished value of its real property.

134.    Plaintiff Biscoe owns water lines, water meters, water tanks and other apparatus that comprising the City of Biscoe Water System that provide water to Plaintiffs and those similarly situated.

135.    Plaintiff Biscoe's water lines, water meters and other infrastructure, are comprised of transite, cast iron, galvanized and plastic.

136.    The water lines, tank water meters and other apparatus comprising the Biscoe Water System must be replaced because they cannot completely be eliminated of or sanitized from the contaminated sewage water.

137.    Further, due to Plaintiff Biscoe's plumbing being contaminated with sewage, Plaintiff Biscoe has suffered diminished value of its real property.

138.    As a direct and proximate result of the acts and omissions of Defendants, Plaintiff Biscoe suffered increased water usage, has suffered diminished real property values and has suffered other consequential damages.

## CLASS ACTION ALLEGATIONS

139.    Pursuant to Federal Rule of Civil Procedure 23, the Named Plaintiffs bring this

action on behalf of themselves and as representatives of the following proposed class: "All persons or entities whose water supply was contaminated with sewage due to the acts and omissions of Defendants."

140.    Excluded from the Class are present or former officers, directors, employees and/or producers of Defendants.

141.    This action meets the requirements of Rule of Civil Procedure 23 because:

a.    Although Plaintiffs do not know the exact size of the Class, Plaintiffs believe that the members of the Class are in the hundreds and are so numerous that joinder of all members is impracticable. In the absence of a class action, there will be at least 250 separate actions with the exact same proof on liability and damages. With respect to property damages, the only variables will be the type of home (manufactured or permanent, type of foundation (crawl space or slab) and square footage of the home.

b.    Plaintiffs can and will fairly and adequately represent and protect the interests of the Class and have no interests which conflict with or are antagonistic to the interests of other Class members. All of Plaintiffs' claims for damages were caused by the same single act of Defendants when they cross connected the water and sewer line;

c.    Plaintiffs are represented by counsel experienced in class actions and complex civil litigation, so as to ensure the adequate representation of absent Class members;

d.    Plaintiffs' claims are typical of all members of the Class in that, among

Page 31 of 35

other things, Plaintiffs and all members of the Class are and were similarly harmed by the Defendants' conduct in that: 1) each resident of Biscoe who was supplied water from the City of Biscoe has a residence that was infiltrated with raw sewage;2) each resident of Biscoe was exposed to the raw sewage by and through the infiltration of the sewage into their homes, businesses and other structures.

e.    Questions of law and fact, all of which are set forth herein, arising out of Defendants' conduct are common to all members of the Class, and such common issues of law and fact predominate over any questions affecting only individual members of the Class. The facts and law constituting the liability of Defendants is exactly the same for each Plaintiff and those similarly situated.

f.    A class action is the superior procedural vehicle for the fair and efficient adjudication of the claims herein asserted; and

g.    This class action is maintainable under Rule 23(b) of the Federal Rules of Civil Procedure because the prerequisites of subdivision a) are satisfied, and although one of the following need apply in order for a class action to be maintainable, all of the following apply in this case:

      1.    The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish

incompatible standards of conduct for Defendants;

1i.    The prosecution of separate actions by or against individual members of the Class would create a risk of adjudications with respect to individual members of the Class, which would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests;

1ii.    The Defendants have acted or failed to act on grounds generally applicable to the Class thereby making appropriate final relief with respect to the Class as a whole;

1iii.    Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, making a class action superior to other available methods for the fair and efficient adjudication of the controversy.

142.    The predominance requirement is satisfied for all causes of action because the issues in common to the members of the proposed Class are not overshadowed by individualized issues.

WHEREFORE, Named Plaintiffs, on behalf of themselves and other similarly situated

Page 33 of 35

individuals, respectfully demand that this Court enter an Order finding that this action should be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, certifying Paul Betzner, Rhonda Betzner, James Alberson, Tiffani Alberson, Tiffani Alberson as Parent and Next Friend of MJ, Kelley Kelly, Tony Patterson and the City of Fredonia a/k/a City of Biscoe, as proper representatives of the Class; that Hall and Taylor Law Partners and Lovell, Nalley & Nalley be appointed Class counsel; for an Order of judgment against Defendants, jointly and severally, in favor of the Named Plaintiffs and members of the Class as to the Causes of Action set forth in this Complaint for actual, compensatory, statutory and punitive damages; for attorney's fees and costs; and for all other proper relief to which they are entitled.


Respectfully Submitted,


JOHN DOYLE NALLEY
Lovell, Nalley & Nalley
Arkansas Bar #86132
Attorney for Plaintiff
Post Office Box 606
Benton, Arkansas     72018
Phone No. (501) 315-7491
Fax No. (501) 778-4979
E-Mail: johndoylenalley@hotmail.com

AND

RANDY HALL, AR Bar No. 89083
MATTIE TAYLOR, AR Bar No. 2009079
Hall & Taylor Law Partners
415 North McKinley Street, Suite 1000
P.O. Box 242055
Little Rock, Arkansas 72223
Phone (501) 404-2333
Fax (501) 404-2336
E-Mail: randy@littlerocktriallawyers.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, John Doyle Nalley, do hereby certify that a copy of the foregoing has been forwarded,

via E-Mail, Facsimile and/or U.S. Mail, to the following:

Mr. Stephen R. Lancaster
Mr. Gary D. Marts, Jr.
Wright, Lindsey & Jennings, LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201
slncaster@wlj.com
gmarts@wlj.com

*Attorneys for Parsons-Mahan Joint Venture
and Parsons Construction Group, Inc.*

on this 22 day of July, 2019.

John Doyle Nalley

# EXHIBIT "1"

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

PAUL BETZNER AND RHONDA BETZNER,
HUSBAND AND WIFE, JAMES ALBERSON
AND TIFFANI ALBERSON, HUSBAND AND
WIFE, TIFFANI ALBERSON, AS PARENT AND
NEXT FRIEND OF M J, A MINOR; KELLEY KELLY,
TONY PATTERSON AND CITY OF FREDONIA aka
CITY OF BISCOE, ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED                                                PLAINTIFFS

v.                          CASE NO. 4:17-CV-00778-BRW

C.J. MAHAN CONSTRUCTION COMPANY, LLC,
API EQUIPMENT, LLC, PARSONS-MAHAN JOINT
VENTURE, PARSONS CONSTRUCTION GROUP, INC.,
JOHN DOES 1-30, MICHAEL HERNANDEZ, ANTHONY
CRUZ, SCOTT RICHARDSON, CHRIS GENTRY,
BRYAN HOFFMAN AND SCOTT WELLS                            DEFENDANTS


### AFFIDAVIT OF RANDY HALL IN SUPPORT OF JOHN DOE ALLEGATIONS

I, Randy Hall, state that I have reasonably investigated the facts and circumstances of the

facts set forth in the Complaint. Despite reasonable investigation, I was unable to identify all parties

that may have liability in this action, including, but not limited to, the identify of the employees,

servants and agents of the named Defendants and any other subcontractors, other partnerships,

individuals, limited liability companies and corporations that may have taken action, or failed to take

action, as alleged and set forth in the Complaint.

Further, Affiant Sayeth Not.

I hereby verify the above facts as true and correct.


Randy Hall

STATE OF ARKANSAS    )
                     )ss
COUNTY OF Saline     )


    SUBSCRIBED AND SWORN to before me, a Notary Public, on this $12^{a}$ day of _____July_____, 2019.


                            Cristy Nolte
                                 Notary Public

My Commission Expires:
_____7·1-2029_____



CRISTY NOLTE
MY COMMISSION # 12371370
EXPIRES: July 1, 2029
Pulaski County

# EXHIBIT "2"



# EXHIBIT "3"



# Arkansas Department of Health

4815 West Markham Street • Little Rock, Arkansas 72205-3867 • Telephone (501) 661-2000
Governor Asa Hutchinson
Nathaniel Smith, MD, MPH, Director and State Health Officer

Engineering Section, Slot 37          Ph 501-661-2623          Fax 501-661-2032
www.Healthy.Arkansas.gov/eng/          After Hours Emergency 501-661-2136

Tuesday, September 12, 2017

CERTIFIED
EAST PRAIRIE COUNTY PWA
P O BOX 356
DES ARC, AR 72040-0000

RE: BOIL WATER NOTICE #3496
EAST PRAIRIE COUNTY PWA - PWS ID # 458
PRAIRIE COUNTY

Dear Manager:

The Department of Health has re-confirmed the 'Boil Water' Notice issued on September 6, 2017 for all of the service connections south of Interstate 40.  This order was issued as an emergency measure because of the presence of E. coli bacteria in the distribution system.

Under the 'Boil Water' Notice, all affected customers are advised that the water is considered unsafe for human consumption, and water used for drinking or food preparation must be boiled briskly for one (1) minute prior to use.  All ice cubes should be discarded and only boiled water used for making ice.

This Notice will be lifted by the Department of Health when 2 set(s) of bacteriological samples indicate that the water is free of bacterial contamination and an adequate disinfectant level is established throughout the distribution system.

We recommend that you directly notify the affected customers and the news media.

Sincerely,


Lance Jones
Chief Engineer
Engineering Section

PRESS RELEASES

If you have media inquiries, please contact the Office of Health Communications at adh.communications@arkansas.gov.

Posted: 09/07/17

Mandatory Boil Order for Biscoe and Fredonia
Little Rock, Ark. – A mandatory boil water order has been issued for the Prairie County community of Biscoe, also known as Fredonia, and also for customers who are south of I-40 in the vicinity of Biscoe/Fredonia who are served by East Prairie County Water Association. Customers should observe the boil order notice until the Arkansas Department of Health (ADH) determines that the water is safe. The water system serving the Biscoe/Fredonia area has experienced what appears to be a construction related cross connection with the sewer system. ADH personnel are onsite today to assist the utilities and to verify the details of this incident.

The utility has been directed to disconnect the pipes in question, issue a mandatory boil water order to customers, and to commence flushing the water system. It is the understanding of the ADH that the pipes of concern have been disconnected and the water operators are in the process of notifying customers. The ADH will continue to assist the water utilities as needed.

Customers should observe the boil water order until bacteriological samples show the water to be safe. This may take several days. Under the 'Boil Water' Notice, all affected customers are advised that the water is considered unsafe for human consumption, and water used for drinking or food preparation must be boiled briskly for one minute prior to use. All ice cubes should be discarded and only boiled water used for making ice.

This Notice will be lifted by ADH when two sets of bacteriological samples indicate that the water is free of bacterial contamination and an adequate disinfectant level is established throughout the distribution system.

ADH encourages anyone who feels ill to contact their healthcare provider and let them know they live in one of the affected Prairie County communities.

# EAST PRAIRIE COUNTY PWA
# PRAIRIE COUNTY

## EMERGENCY BOIL WATER NOTICE
RE-ISSUE DATE: Tuesday, SEPTEMBER 12, 2017

FOR FURTHER INFORMATION, CONTACT
GERALD SAUNDERS
ENVIRONMENTAL SPECIALIST
ENGINEERING SECTION, (501) 661-2623

NEWS ARTICLE                    FOR IMMEDIATE RELEASE

THE DEPARTMENT OF HEALTH HAS RE-CONFIRMED A 'BOIL WATER'
NOTICE ISSUED ON WEDNESDAY SEPTEMBER 6, 2017 FOR ALL OF THE
SERVICE CONNECTIONS SOUTH OF INTERSTATE 40. THIS ORDER WAS
ISSUED AS AN EMERGENCY MEASURE BECAUSE OF THE PRESENCE OF
E. COLI BACTERIA IN THE DISTRIBUTION SYSTEM.

UNDER THE 'BOIL WATER' ORDER, ALL AFFECTED CUSTOMERS MUST BE
ADVISED THAT THE WATER IS CONSIDERED UNSAFE FOR HUMAN
CONSUMPTION, AND WATER USED FOR DRINKING OR FOOD PREPARATION
MUST BE BOILED BRISKLY FOR ONE (1) MINUTE PRIOR TO USE. ALL ICE
CUBES SHOULD BE DISCARDED AND ONLY BOILED WATER USED FOR
MAKING ICE.

THIS "EMERGENCY BOIL WATER NOTICE" WILL REMAIN IN EFFECT UNTIL
THE PROBLEM HAS BEEN CORRECTED, AN ADEQUATE DISINFECTANT
LEVEL IS ESTABLISHED THROUGHOUT THE DISTRIBUTION SYSTEM AND A
BACTERIOLOGICAL SURVEY SHOWS THAT THE WATER IS SAFE TO DRINK.

THE BOIL WATER ORDER WAS DUE TO A CROSS CONNECTION EVENT.

SYSTEM PERSONNEL NOTIFIED: TONY SCROGGINS      BY: GERALD SAUNDERS      ON: 9/6/2017 11:26:58 AM
SANITARIAN NOTIFIED: SHEP WILBERT      BY: GERALD SAUNDERS      ON: 9/6/2017 11:26:58 AM

PRAIRIE COUNTY (KATV) — A mandatory boil order has been issued for the community of Biscoe and customers south of I-40 who are served by the East Prairie County Water Association.

The Arkansas Department of Health says the water system serving the Biscoe/Fredonia area may have experienced a cross connection with the sewer system due to a construction incident.

ADH says they are onsite to assist with utilities and confirm the details of the incident.

ADH has instructed the utility to disconnect the pipes that may have been in question, issue a boil order, and flush the entire water system.

All customers are advised that the water is not safe for consumption and must be boiled briskly for one minute prior to use. In addition, all ice cubes should be discarded and boiled water used for making ice.

Customers should observe the boil order until further notice from ADH.

The boil order will be lifted when bacteriological samples show the water to be free of any contamination and adequately disinfected.

If anyone feels ill they are encouraged to their healthcare provider and let them know they live in one of the Prairie County communities affected.

## Mandatory boil order issued for Prairie County community

by Katie Clement
Thursday, September 7th 2017



*A mandatory boil order has been issued for the community of Biscoe and customers south of I-40 who are served by the East Prairie County Water Association. (MGN)  *

(mailto:?subject=A%20link%20for%20you

