# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**PAUL BETZNER, on behalf of all**
**others similarly situated**                                                        **PLAINTIFFS**

**VS.**                                            **4:17-CV-00778-BRW**

**CJ MAHAN CONSTRUCTION**
**COMPANY LLC,** *et al.*                                                           **DEFENDANTS**

## ORDER

A question of subject-matter jurisdiction may be raised *sua sponte* at any time. Federal court diversity jurisdiction requires an amount in dispute over $75,000 and all parties on one side of the controversy must be citizens of different states from all of the parties on the other side.

An affidavit attached to Plaintiffs' First Amended Complaint noted that counsel was still attempting to identify the "employees, servants, and agents of the named defendants and any other subcontractors, other partnerships, individuals, limited liability companies, and corporations" that might have been involved. When Defendants removed this case on November 27, 2017, John Doe defendants were still listed in the complaint.[1] After removal, Plaintiffs requested leave to file an amended complaint. They noted that "Defendants knew, or should have known, the identity of all [John Does] involved in the events," but Plaintiffs only recently discovered their names after conducting depositions.[2] For good cause shown, Plaintiffs' motion for leave to amend complaint was granted.

---

[1]Doc. No. 4.

[2]Doc. No. 41.

In the Second Amended Complaint, Plaintiffs named four new Defendants – Scott Richardson (construction superintendent), Chris Gentry (labor foreman), Bryan Hoffman (laborer), and Scott Wells (machine operator) -- all of whom are Arkansas residents.[3]

Typically, diversity jurisdiction is determined at the time of removal and when "determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) . . . the citizenship of defendants sued under fictitious names shall be disregarded."[4] However, 28 U.S.C. § 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  Plaintiffs were permitted leave to amend their complaint to add previously unknown, non-diverse Defendants. In instances like this, I must consider diversity at the time of the amendment.[5]  Accordingly, complete diversity is lacking and remand is mandatory..

Alternatively, Defendants removed this case claiming jurisdiction under the Class Action Fairness Act (which requires a class of over 100 and damages of over $5,000,000).  However, it seems to me that the local controversy exception prevents removal.[6]  The Court of Appeals for the Eighth Circuit has noted:

---

[3]Doc. No. 45.

[4]28 U.S.C. § 1441(b)(1).

[5]*Lutz v. Pickle*, No. 4:14CV1775 TCM, 2015 WL 2412194, at *1 (E.D. Mo. May 20, 2015) (noting an absence of 8th Circuit precedent and citing cases from the 1st, 5th, 6th, 10th, and 11th Circuits).

[6]See *Rhodes v. Kroger Co.*, No. 4:16CV00640 JLH, 2017 WL 528484, at *4 (E.D. Ark. Feb. 9, 2017) )(noting that "a court may raise the section 1332(d)(4) exceptions *sua sponte*.).

Under the local-controversy exception, a district court must decline to exercise jurisdiction over a class action in which more than two-thirds of the class members in the aggregate are citizens of the state in which the action was originally filed, at least one defendant "from whom significant relief is sought by members of the plaintiff class" and "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class" is a citizen of the state in which the class action was originally filed, the principal injuries were incurred in the state in which the action was filed, and no other class action alleging similar facts was filed in the three years prior to the commencement of the current class action.[7]

Here, all of the class members and four Defendants are from Arkansas, and the events took place in Arkansas. Among other things, Plaintiffs allege that these Defendants "willingly and recklessly failed to adequately locate and mark the Utility Lines prior to excavating" in violation of their companies' policies, and caused Plaintiffs' damages.[8] They also assert that these Defendants secretly attempted to repair damages they caused, making matters worse. Since the non-diverse Defendants are allegedly the boots-on-the-ground employees whose actions caused the breach of the water and sewer lines, and then tried to fix the problem, their "alleged conduct forms a significant basis for the claims asserted by the proposed Plaintiff class." Additionally, Plaintiffs seek joint and several relief from all Defendants.

**CONCLUSION**

Based on the findings of fact and conclusions of law above, the Clerk of the Court is directed to REMAND this case to the Circuit Court of Prairie County, Arkansas. However, remand may not be issued until two weeks after the date of this Order so that Defendants have a chance to comply with 28 U.S.C. § 1453(c)(1), if they so choose.

IT IS SO ORDERED this 9th day of August, 2019.

Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[7]*Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010) (quoting 28 U.S.C. § 1332(d)(4)(A)).

[8]Doc. No. 45.